IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOBBY AKLES HILL,  AIS # 241257,      :

    Plaintiff,                               :

vs.                                                    :       CIVIL ACTION 16-0445-WS-MU

JAMES REYNOLDS, *et al.*,                 :

    Defendants.                          :


**REPORT AND RECOMMENDATION**

Plaintiff Bobby Akles Hill, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Amended Complaint (Doc. 4).**

The complaint before the Court is a court-ordered amended complaint.[1]  In it, plaintiff sues one defendant, James Reynolds, Warden at Loxley Work Center, for incidents arising on January 2, 2012 and June 11, 2016.  (Doc. 4 at 4).  Hill's brief allegations are set out below.

> On Jan[.] 2, 2012[,] I was profiled and received a disciplinary, when I could not perform my duties due to my

---
[1] The Court ordered plaintiff to file his § 1983 complaint on the Court's current complaint form and advised plaintiff that his amended complaint would replace his original complaint, so therefore he should not rely upon the original complaint.  (Doc. 3).

> medical profile. Then[,] approx[imately] on June 11, 2016[,] I received a disciplinary for being under the influence, and my uri[ne] test came back not positive[;] therefor[e,] I was not under the influence. I ple[]d guilty because the Warden and Hearing Officer said I could keep my Hobby Craft privileges. On 8/2/16[,] the Warden James Reynolds denied my Hobby Craft privileges by den[y]ing my Hobby Craft order (see exhibit "A" and "B")[. I]n the disciplinary [of] Jan[.] 2, 2012 (see exhibit "C" and "D")[,] by the courts review of all the exhibits[,] you can clearly see I have been profiled and Warden James Reynolds has violated my rights [by] making me take relaps[e] classes[, from] which only the D.O.C. will benefit from the Federal Funds received.
>
> Profiling[2] – Jan[.] 2, 2012, going against my medical profile (Exhibit "C" and "D") June 11, 2016 saying I would not lose my Hobby Craft or job privileges (exhibit "A" and "B").

(*Id.* at 4-5). For relief, plaintiff requests that these disciplinaries be expunged from his DOC records, that the Court not allow this to happen to other inmates, and that retaliation against him not be permitted. (*Id.* at 7).

In the amended complaint, Hill references attached exhibits, but no exhibits were attached. (Doc. 4 at 4-5). Exhibits, however, were attached to the original complaint. (Doc. 1 at 9-26). Even though the amended complaint replaces the original complaint, the Court will consider in its review of the amended complaint those exhibits attached to the original complaint. (Doc. 1 at 9-26).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court reviews his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke*

---

[2] Plaintiff's use of the word profiling does not appear to have any legal significance independent of the fact that he received a medical profile. *See* Doc. 1 at 16 (authorizing a work restriction of "no lifting >15 lbs no prolonged standing (unreadable)").

2

*v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[3]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in a complaint must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

---

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

When considering a *pro se* litigant's allegations, a court gives those allegations a liberal construction, holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. Disciplinary Claims.**

In order for plaintiff to state a § 1983 claim against defendant Reynolds, he must show a violation of his rights under the Constitution or laws of the United States by a person acting under color of state law. *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). A warden at a work center typically acts under color of state law by virtue of his employment with the Alabama Department of Corrections; therefore, the first element is satisfied. Thus, plaintiff's allegations must demonstrate the second element – that defendant Reynolds violated his constitutional or federal rights.

In his allegations, plaintiff challenges the constitutionality of his two disciplinaries. To show a violation of a constitutional right in the disciplinary context, a plaintiff must demonstrate that he has a liberty interest to which due process attaches and that he did

4

not receive the required due process. *Sandin v. Conner,* 515 U.S. 472, 482-83,115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). In *Sandin*, the Court returned to prior legal principles that required an inmate show that he has sustained a "grievous loss" of liberty, which he "retained even after sentenced to terms of imprisonment." *Id.* at 480, 483-84, 115 S.Ct. at 2299-2300. The *Sandin* Court ruled that an inmate's discipline only violates the Constitution when it is so severe that it "exceed[s] the sentence in such an unexpected manner," or when an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" is imposed. *Id.* at 484, 486, 115 S.Ct. at 2300. When a liberty interest is found, the inmate must receive due process in order to extinguish it. *Wilkinson v. Austin,* 545 U.S. 209, 213, 224, 125 S.Ct. 2384, 2388, 2395, 162 L.Ed.2d 174 (2005). "In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin,* 170 F.3d 1312, 1318 (11th Cir. 1999).

The *Sandin* Court found that the inmate did not suffer an atypical and significant hardship when he was confined to administrative segregation for thirty days because his confinement "did not work a major disruption in his environment," nor was it "a dramatic departure from the basic conditions of [his] sentence." *Sandin,* 515 U.S. at 485-87, 115 S.Ct. at 2301-02. The Court further observed that other inmates in general population also experienced lockdown in significant amounts of time, that the degree of the plaintiff's confinement in comparison did not exceed others' confinement, and that confinement to segregation "falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485-86, 115 S.Ct. at 2301. And the Court considered that "[t]he chance that a finding of misconduct will alter the balance [in a parole decision]

5

is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* at 487, 115 S.Ct. at 2302.  Thus, the Court concluded that a creation of a liberty interest entitling the inmate to due process protections did not occur, as "[t]he regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving [his sentence.]"  *Id.* at 487, 115 S.Ct. at 2302; *cf. Wilkinson,* 545 U.S. at 213, 224, 125 S.Ct. at 2388, 2394 (applying *Sandin*'s reasoning to find that Ohio inmates had a liberty interest to avoid placement in the supermax prison because the conditions taken together imposed an atypical and significant hardship).

In the present action, plaintiff is complaining about two disciplinaries.  The first disciplinary occurred on January 10, 2012, when defendant Reynolds approved plaintiff's disciplinary for violating Rule 86 - being fired from his job.  (Doc. 1 at 17). Defendant Reynolds approved of plaintiff receiving ninety-day loss of privileges, but he disapproved of referring plaintiff to classification for classification review.  (*Id.* at 19). The second disciplinary occurred on June 14, 2016, when defendant Reynolds approved plaintiff's disciplinary for violating Rule 505 – intentionally creating a security, safety, or health hazard.  (*Id.* at 10).  Plaintiff's breathalyzer test showed he tested positive for alcohol.  (*Id.*).[4]  Plaintiff received a disciplinary sentence of fifteen days of extra duty, at a rate of one hour per day, and thirty-days' loss of canteen, telephone, and visiting privileges.  (*Id.* at 11).

---

[4] The attached copy of the disciplinary report contradicts plaintiff's assertion that he was found "not positive."  (Doc. 1 at 9-10).  The report states, "inmate Hill tested positive for alcohol." (Doc. 1 at 9).  "[A]llegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal" as frivolous, because they are baseless. *Battle v. Central State Hosp.*, 898 F.2d 126,130 n.3 (11th Cir. 1990).

Unlike the inmate in *Sandin*, plaintiff did not receive a disciplinary sentence that included placement in segregation.  Here, the plaintiff only received a temporary suspension of certain "privileges" and a temporary imposition of limited, extra work, that is, a ninety-day loss of privileges (Doc. 1 at 19), a thirty-day loss of canteen, telephone, and visiting privileges, and the imposition of a fifteen-day requirement to work one extra hour per day.  (*Id.* at 11).

The Constitution does not grant an inmate a right in visitation, canteen, and telephone privileges.  *Kentucky Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); *Overton v. Bazzetta,* 539 U.S. 126, 131, 134, 123 S.Ct. 2162, 2167, 2168, 156 L.Ed.2d 162 (2003) (upholding a two-year restriction on visitation privileges for two substance abuse violations because prison confinement requires the surrendering of liberties and privileges enjoyed by other citizens, with free association being least compatible right to prison confinement); *Charriez v. Secretary, Fla. Dep't of Corrs.,* 596 F. App'x 890, 894 (11th Cir. 2015) (unpublished) (finding that the one-year loss of visitation privileges did not implicate a state-created liberty interest as no right to unfettered visitation exists); *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment a two-week loss of commissary privileges); *Walker v. Loman,* 2006 WL 3327663, at *1, *3 (M.D. Ala. 2006) (unpublished) (holding the ninety-day loss of store, telephone, and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest).  In addition, Alabama state courts have

determined a prisoner does not have a state-created liberty interest in store, telephone and visitation privileges, *Dumas v. State,* 675 So.2d 87, 88 (Ala. Crim. App. 1995), or in being required to perform extra work. *Summerford v. State,* 466 So.2d 182, 185 (Ala. Crim. App. 1985).

An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. *Sandin,* 515 U.S. at 485, 115 S.Ct. at 2301. The further restriction of these privileges for a short period of time is a less severe form of discipline than confinement to disciplinary segregation. Such restriction is not "atypical," nor is it a "significant hardship" under the *Sandin* analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. *See Id.* at 475, 485, 115 S.Ct. at 2296, 2301. Thus, plaintiff does not have a liberty interest in canteen, visitation, and telephone privileges or not being required to perform extra work, to which due process attaches. Moreover, no allegations are offered claiming or demonstrating a right arising from the due process clause itself or a liberty interest created by state law. Nor does he allege that his sentences were atypical and worked a significant hardship on him.

Generally, in order for an atypical and significant hardship to be found, it "must exist for a significant period of time." *Smith v. Deemer,* 641 F. App'x 865, 868 (11th Cir. 2016) (unpublished). *Compare Al-Amin v. Donald,* 165 F. App'x 733, 739 (11th Cir. 2006) (finding that thirty months' confinement to administrative segregation did not constitute an atypical and significant hardship that would give rise to a liberty interest); *Lekas v. Briley,* 405 F.3d 602, 611 (7th Cir. 2005) (finding the ninety-day confinement to disciplinary segregation was not an atypical and significant hardship); *Rodgers v.*

8

*Singletary,* 142 F.3d 1252, 1252-53 (11th Cir. 1998) (finding the plaintiff was not deprived of a constitutionally protected liberty interest by his placement in administrative segregation for two months); *Morefield v. Smith,* 404 F. App'x 443, 446 (11th Cir. 2010) (finding that a four-year confinement in administrative segregation, although lengthy, did not create a liberty interest considering that the conditions of confinement were similar to those in the general population), *with Williams v. Fountain,* 77 F.3d 372, 374 n.3 (11th Cir.) (holding that one year in solitary confinement presented an atypical and significant hardship which resulted in a deprivation of a liberty interest), *cert. denied,* 519 U.S. 952 (1996); *Magluta v. Samples,* 375 F.3d 1269, 1282 (11th Cir. 2004) (holding the harsh conditions in solitary confinement under which he was held for 500 days amounted to an atypical and significant hardship to which due process attached). Accordingly, the Court finds that the duration and nature of plaintiff's 2012 and 2106 disciplinary sentences did not give rise to a liberty interest protected by the due process clause. Therefore, plaintiff's disciplinary allegations failed to demonstrate a violation of a constitutional right. As a consequence, plaintiff's disciplinary claims fail to state a claim upon which relief can be granted and are due to be dismissed with prejudice.

**B. Hobby Craft.**

In addition, plaintiff complains that defendant Reynolds denied him participation in hobby craft contrary to Reynolds's statement of inducement (1) that plaintiff could keep his hobby craft privileges when he pled guilty to the 2016 disciplinary, and (2) to take and complete the relapse program,[5] which plaintiff did not want to do.[6] *See* Doc. 1

---

[5] As an aside, the Court notes that the 2016 disciplinary report reflects the disciplinary was approved on June 14, 2016, and did not include the loss of hobby craft, (which is one of the listed choices of punishment contained on the form). (Doc. 1 at 11). The longest period of time contained in the disciplinary report is a sentence for thirty days. (*Id.*). Then, when plaintiff

9

at 13, 26-27. Regardless of the reason for the denial of participation in hobby craft, plaintiff does not have a liberty interest in participation in hobby craft. *Hewitt v. Helms,* 459 U.S. 460, 466-70 & n.4, 103 S.Ct. 864, 869-70 & n.4, 74 L.Ed.2d 675 (1983) (finding that no interest arising from the Due Process Clause itself was impacted when an inmate was moved to more restrictive quarters (administrative segregation), which caused a denial of access to vocational, educational, recreational, and rehabilitative programs), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995). "An essential tool of prison administration ... is the authority to offer inmates various incentives to behave." *McKune v. Lile,* 536 U.S. 24, 39-40, 122 S.Ct. 2017, 2028, 153 L.Ed.2d 47 (2002) (an inmate's loss of access to his personal television, prison organizations, gym area, and canteen and other privileges does not implicate a liberty interest). "The Constitution accords prison officials wide latitude to bestow or revoke these perquisites as they see fit." *Id.*; *Knight v. Lane,* 2010 WL 653810, at *9 (S.D. Ala. 2010) (unpublished) (same). No allegations are made that an interest was created by the State. On the other hand, plaintiff identified participation in hobby craft as a "privilege," which indeed it is and is not protected by due process. Accordingly, plaintiff has failed to state a claim upon which relief can be granted with respect to denial of

---

requested on August 2, 2016 to buy hobby craft material (Exhibit B), he had finished serving his disciplinary sentence. The request, dated August 2, 2016, to buy hobby craft material shows that it was denied by defendant Reynolds, with a notation to "Ask C.O. Mosley why?" (*Id.* at 15). Therefore, it appears that the denial of hobby craft occurred after completion of the disciplinary sentence and was based on a reason independent of the disciplinary.

[6] Instead of attending of the relapse program, plaintiff advised defendant Reynolds that he "f[ee]l[s] that the relaps[e] program you want me to take would be better spent as a religious and spiritual renewal program. I f[ee]l my faith needs to be renewed and get back into programs in the church." (Doc. 1 at 14).

10

participation in hobby craft, and said claim is, therefore, due to be dismissed with prejudice.[7]

### C. Statute of Limitations.

In addition to the foregoing reasons for dismissal of this action, plaintiff's claims related to the 2012 disciplinary are due to be dismissed on the alternate ground that they are barred by the two-year statute of limitations. Because § 1983 does not contain a statute of limitations, the statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions. *Owens v. Okure,* 488 U.S. 235, 239, 250, 109 S.Ct. 573, 576, 582, 102 L.Ed.2d 594 (1989); *Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007) (same); *McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir.) (same), *cert. denied, Callahan v. Allen,* 553 U.S. 1098 (2008). Alabama's two-year statute of limitations for personal injuries is used for § 1983 actions filed in Alabama. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); *McNair,* 515 F.3d at 1170; ALA. CODE § 6-2-38(l). This action was filed on August 23, 2016 (Doc. 1); therefore, plaintiff's claims related to the 2012 disciplinary were not filed within two years from when they accrued in 2012. Accordingly, the claims related to the 2012 disciplinary are barred by the two-year statute of limitations from proceeding in this § 1983 action and

---

[7] When plaintiff describes his hobby craft claim, he mentions one time that defendant Reynolds told him that he would not lose his "job privileges." (Doc. 4 at 5). A claim based on his job has not been developed in his allegations as this is only reference to his job. It is only in reviewing the 2012 disciplinary report that it is seen that he lost his job and received a disciplinary for doing so. (Doc. 1 at 17-18). Nevertheless, "[a]n inmate does not have expectation of keeping a certain job." *Adams v. James,* 784 F.2d 1077, 1079 (11th Cir. 1986). And due process will not protect an inmate from a change in job status. *Id.* Accordingly, plaintiff would not have claim based on a loss of a job. Thus, plaintiff has failed to state a claim upon which relief can be granted with respect to the loss of a job. In addition, such a claim would be subject to dismissal based on the two-year statute of limitations. *See Infra.*

are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted. *Jones v. Bock,* 549 U.S. at 15, 127 S.Ct. at 920-21.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[8]

---

[8] In the amended complaint, plaintiff responded "no" to the complaint form's questions inquiring whether he filed in state or federal court other lawsuits that are based on the same or similar facts or are related to his imprisonment. (Doc. 4 at 3). He then signed the amended complaint under penalty of perjury. (*Id.* at 7). Plaintiff responded to the same questions in the original complaint in the same manner and also signed the original complaint under penalty of perjury. (Doc. 1 at 3, 7)

However, an examination of PACER (Public Access to Court Electronic Records) reflects that plaintiff filed: *Hill v. Abbot*, CA No. 05cv00708-JHH-HGD (N.D. Ala. 2005) (transferring case to Middle District); *Hill v. Abbott*, CA No. 05cv00333-WKW-SRW (M.D. Ala. 2007) (summary judgment for defendants); and *Hill v. Abbott*, CA No. 05cv00746-RBP-HGD (N.D. Ala. 2005) (voluntary motion to dismiss). (In addition, he also filed a habeas petition, *Hill v. Thomas,* CA No. 10cv00544-WHA-SRW (M.D. Ala. 2013)). Thus, when plaintiff filed his amended complaint, he knowingly chose not to list these actions and then proceeded to sign the amended complaint under penalty of perjury. (Doc. 4 at 7).

In *Rivera v. Allin*, 144 F.2d 719 (11th Cir. 1998), *rev'd on other grounds Jones v. Bock,* 549 U.S. 199 (2007), the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of *Pinson v. Grimes,* 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied,* 562 U.S. 1013 (2010), the Eleventh Circuit, relying on *Rivera*, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. *Id.* at 799. Accordingly, the Court deems that plaintiff's failure to list his prior cases to be an abuse of the judicial process, which therefore provides an alternate ground for this action's dismissal as malicious, pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. *Rivera, supra; Pinson, supra.*

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. *Stephenson v. Warden,* 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas,* 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt v. Navarro,* 576 F. App'x 897, 899 (11th Cir. 2014) (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

---

If this action were dismissed without prejudice as malicious, plaintiff would be able to re-file it. That is, plaintiff's 2016 disciplinary claims can be re-filed because the two-year statute of limitations for filing a § 1983 action has not expired. *Lufkin, supra.* However, plaintiff's claims based on the 2012 disciplinary cannot be re-filed, but they are already being recommended for dismissal because they are barred by the statute of limitations. Therefore, whether plaintiff can re-file his 2012 disciplinary claims is of no moment because the statute of limitations already bars them. Accordingly, this action is due to be dismissed without prejudice on the alternate ground of maliciousness.

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 28th day of June, 2017.

                                                  s/ P. BRADLEY MURRAY
                                                  UNITED STATES MAGISTRATE JUDGE